1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH E. MACE,

             Plaintiff,

     v.

JO ANNE B. BARNHART, Commissioner,
Social Security Administration,

             Defendant.

CASE NO.     C04-5828JKA

ORDER TO REMAND THE
MATTER TO THE
ADMINISTRATION FOR
FURTHER REVIEW

      This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) on the consent of the parties.   Pursuant to 42 U.S.C. § 405(g), the matter is before the court on plaintiff's complaint which seeks judicial review of an administrative decision.

      Plaintiff alleges his applications for social security benefits were erroneously denied by the ALJ. Specifically, Mr. Mace argues the Administrative Law Judge's ("ALJ") assessment of plaintiff's severe impairment(s) is not supported by the substantial evidence of records and is contrary to law.

      After reviewing the record, the Court finds and orders as follows:

      1.  This Court must uphold the Secretary's determination that plaintiff is not disabled if the Secretary applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision.  <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Fife v. Heckler</u>, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more

than a scintilla but less than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

Step 2 of the evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996).  An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a).  The Social Security Regulations and Rulings, as well as case law applying them, discuss the step two severity determination in terms of what is "not severe."  According to the Commissioner's regulations, "an impairment is not severe if it  does not significantly limit [the claimant's] physical ability to do basic work activities,"  20 C.F.R. §§ 404.1520(c),  404.1521(a)(1991).  Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching,  carrying or handling." 20 C.F.R. § 140.1521(b);  Social Security Ruling 85- 28 ("SSR 85-28").  An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that  has "no more than a minimal effect on an individuals ability to work." See SSR  85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988)(adopting SSR 85-28). The Ninth Circuit describes the step- two inquiry as "a de-minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (citing Bowen v. Yuckert, 482 U.S. 137, 153-54 (1987)).

Here, Mr. Mace alleged disability since February 15, 2001, based on syncope, weight gain, knee problems and depression.  At step-two the ALJ concluded the syncope was a severe impairment, as defined by the Social Security Regulations, but found that plaintiff's obesity, leg edema, and depression were non-severe.

2. After reviewing the record the Court finds the ALJ erred in his consideration of the evidence at step-two, particularly in regard to plaintiff's depression.  The record includes medical reports and opinions from several different physicians indicating Mr. Mace suffered from mental impairments, including an affective disorder and/or depression.  In March 2002, Dr. Seeley reported that Plaintiff had depression and unemployable at the present time due to both his depression and syncope (Tr. 17, 161-176).  In July 2002, the State Agency physician, Dr. Wingate, conducted a psychological evaluation of Plaintiff and diagnosed

1    major depression and polysubstance dependence, in remission (Tr. 191-196). He also assessed Plaintiff

2    with a number of functional limitations (Tr. 193-194).  Dr. Gordy testified at the hearing that Plaintiff

3    suffered significantly from mental impairment, stating that he felt plaintiff's condition met the criteria for

4    Listing 12.02 (Organic Mental Disorders) (Tr. 388).

5          The ALJ discredited each of the above opinions, based primarily on the fact that the ALJ did not

6    believe plaintiff's allegations and limitations supporting total disability and the medical opinions relied on

7    these subjective complaints or reports.  The court recognizes that it is within the ALJ's realm of expertise

8    and authority to weigh the credibility of a claimant, but in this instance the ALJ strains the role of an

9    adjudicator when he discredits these medical reports and conclusions to find at step-two that Mr. Mace

10   does not suffer a severe impairment caused by a mental impairment.  When the record and these three

11   medical opinions support the plaintiff's alleged mental disability, the court finds  the claimant has satisfied

12   the burden of producing evidence showing sufficient evidence that he has more than a slight abnormality

13   that has no more than a minimal effect on his ability to work.  It is clear that adequate medical opinion

14   supports a severe impairment at step-two as alleged by plaintiff, and the matter should be remanded for

15   further consideration of the medical evidence.

16         The ALJ's analysis in the case goes beyond and does not support the Ninth Circuit's de-minimis

17   standard for screening out the frivolous or groundless claims at step-two.  Rather than accept or reject the

18   medical opinions offered in this case, the ALJ chose to pick out the details of each report and piece

19   together his own medical analysis.  In doing so, the ALJ becomes his own expert and improperly disregards

20   the physicians' conclusions and medical opinion.

21         3.  Accordingly, the matter is remanded to the administration for further consideration.

22         4.  The clerk is directed to send copies of this Order to counsel of record.

23         DATED this 1st day of December, 2005.

24

25                              /s/ J. Kelley Arnold
                               J. Kelley Arnold
26                             U.S. Magistrate Judge

27

28